IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Bilal A. Al-Haqq, #126806,            )
                                      )   C.A. No.  8:05-3215-HMH-BHH
            Plaintiff,                )
                                      )   **OPINION & ORDER**
      vs.                             )
                                      )
Sgt. Brown, and Ofc. Woodberry,       )
Security Maximum Unit Officers,       )
Evans Correctional Institution, South )
Carolina Department of Corrections,   )
                                      )
            Defendants.               )

This matter is before the court with the Report of United States Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Bilal A. Al-Haqq ("Al-Haqq"), a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983.  Magistrate Judge Hendricks recommends granting Sergeant Marlon Brown, Officer Melvin Woodberry, Security Maximum Unit Officers, Evans Correctional Institution, and South Carolina Department of Corrections' (collectively "Defendants") motion for summary judgment and denying Al-Haqq's motions to amend his complaint and to remand the case to state court.  Al-Haqq filed objections to the Report.  For the reasons set forth below, the court adopts the Magistrate

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (West Supp. 2006).

1

Judge's Report and recommendation, grants the Defendants' motion for summary judgment, denies Al-Haqq's motion to amend his complaint, and denies Al-Haqq's motion to remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Al-Haqq is currently incarcerated at Evans Correctional Institution ("ECI") in Bennettsville, South Carolina. The parties agree that on November 14, 2004, Robert Thomas ("Thomas") assaulted Al-Haqq while both men were incarcerated at ECI ("the assault"). Al-Haqq alleges that the Defendants conspired to allow the assault to occur and to continue for several minutes before interfering. (Comp. 1-2.)[2] Al-Haqq also alleges that he was denied sufficient medical treatment following the assault. (Id. 2-3.)

On September 21, 2005, Al-Haqq filed a complaint pursuant to 42 U.S.C. § 1983 in the Court of Common Pleas of Marlboro County, South Carolina, alleging various civil rights violations. On November 17, 2005, the Defendants removed the action to federal court. On November 29, 2005, Al-Haqq filed a motion to remand. On January 3, 2006, the Defendants moved for summary judgment. An order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On February 7, 2006, Al-Haqq filed a response. On May 17, 2006, Al-Haqq filed a motion to amend his complaint, and on June 5, 2006, the Defendants filed a reply. On August 11, 2006, Magistrate Judge Hendricks issued her Report recommending granting the Defendants' motion for summary judgment and denying Al-Haqq's motions to amend the complaint and to remand to state court.

---

[2] The plaintiff initiated this action by simultaneously filing a complaint and an amended complaint. References to the complaint in this report are to the original complaint filed September 21, 2005.

2

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. Objections

Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report of the

3

Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Al-Haqq filed objections to the Report. After review, however, the court finds that the majority of Al-Haqq's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and merely restate his claims. However, the court was able to glean two specific objections.

### 1. The Defendant's Knowledge of the Risk

Al-Haqq objects to the Magistrate Judge's finding that no evidence supports his allegation that the Defendants knew or should have known that Thomas posed a risk to Al-Haqq's safety. A prison official violates the Eighth Amendment by showing "deliberate indifference to a substantial risk of serious harm to an inmate." Farmer v. Brennan, 511 U.S. 825, 828 (1994). Deliberate indifference is demonstrated only if "the official knows of and disregards an excessive risk to inmate health or safety." Id. at 837. Al-Haqq presents no evidence, beyond conclusory allegations, to support his claim that the Defendants were aware of the risk posed by Thomas. Therefore, this argument is without merit.

### 2. Al-Haqq's Medical Care

Second, Al-Haqq objects to the Magistrate Judge's finding that he received proper medical care following the assault. Al-Haqq bases this objection on his assertions that (1) two doctor appointments were cancelled after the assault, and (2) his requests for an x-ray of his back were denied.

Only "deliberate indifference to serious medical needs" violates the Eight Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 106 (1976). No evidence supports a finding of any deficiency in Al-Haqq's medical care

for his relatively minor injuries. Al-Haqq was examined and treated one and a half hours following the assault and again on November 29, 2004 and January 4, 2005 (Def. Mem. Supp. Summ. J. Ex. 5 at 4-6.) During the January 4, 2005, exam, Al-Haqq reported that his injuries from the assault were "better now." (Id. at 5.) Further, although a nurse instructed Al-Haqq to submit his request for an x-ray to a doctor, his medical records do not evince any subsequent request. (Id. at 7.) Therefore, Al-Haqq has not shown that he received inadequate medical care for his injuries. Based upon the foregoing, the court adopts the Magistrate Judge's Report and recommendation.

Therefore, it is

**ORDERED** that the Defendant's motion for summary judgment, docket number nine, is granted. It is further

**ORDERED** that Al-Haqq's motion to amend his complaint, docket number fourteen, is denied. It is further

**ORDERED** that Al-Haqq's motion to remand, docket number seven, is dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
September 8, 2006

### NOTICE OF RIGHT TO APPEAL

The plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

5